1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MYRON A. PAYNE,

11          Plaintiff,                    No. CIV S-12-0243 DAD P

12      vs.

13   MATTHEW CATE et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4   § 1915(b)(2).

5                                    **SCREENING REQUIREMENT**

6               The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

                                             2

1   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

> 5   Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> 6   deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> 7   law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13   omits to perform an act which he is legally required to do that causes the deprivation of which

14   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

17   defendant holds a supervisorial position, the causal link between him and the claimed

18   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20   allegations concerning the involvement of official personnel in civil rights violations are not

21   sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                  **PLAINTIFF'S COMPLAINT**

23          Plaintiff commenced this action by filing 118-page handwritten complaint.

24   Therein he names more than sixty prison officials, correctional officers, and correctional staff as

25   the defendants in this action.  Plaintiff's allegations date as far back as 2008 and involve events

26   that allegedly took place at both High Desert State Prison ("HDSP") and California State Prison,

1  Corcoran ("Corcoran").  Plaintiff's primary complaints are that the defendants improperly

2  validated him as a member of the Black Guerilla Family at HDSP, and then upon his transfer to

3  Corcoran, defendants improperly validated him as a member of the Ansar El-Muhammad

4  disruptive group.  Plaintiff also complains that the defendants have discriminated against him,

5  interfered with his exercise of religion, retaliated against him, and imposed an atypical and

6  significant hardship upon him.  (Compl. at 1-118.)

7  **DISCUSSION**

8  The court will dismiss plaintiff's complaint.  As an initial matter, plaintiff's

9  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

10  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

11  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

12  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

13  with at least some degree of particularity overt acts which defendants engaged in that support his

14  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

15  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

16  amended complaint that is no longer than twenty-five (25) pages in length.

17  If plaintiff chooses to file an amended complaint, he should limit the allegations

18  therein to the events that allegedly took place at HDSP.  If plaintiff wishes to pursue a cause of

19  action for alleged constitutional violations that took place at Corcoran, he should file a new and

20  separate complaint along with a separate in forma pauperis affidavit with the Fresno Division of

21  this Court.  In this regard, in any amended complaint plaintiff elects to file in this court, he

22  should focus on his alleged improper gang validation as a member of the Black Guerilla Family

23  and not include any allegations regarding his alleged improper validation as a member of the

24  Ansar El-Muhammad disruptive group or the alleged conditions of confinement at Corcoran.

25  In addition, if plaintiff chooses to file an amended complaint, he is advised that he

26  must allege facts demonstrating how the conditions complained of resulted in a deprivation of his

4

1   federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

2   amended complaint must allege in specific terms how each named defendant was involved in the

3   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

4   some affirmative link or connection between a defendant's actions and the claimed deprivation.

5   Rizzo, 423 U.S. 362 ; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at

6   743.  Vague and conclusory allegations of official participation in civil rights violations are not

7   sufficient.  Ivey, 673 F.2d at 268.

8           If plaintiff wishes to proceed on a Fourteenth Amendment due process claim in

9   connection with his validation as member of the Black Guerilla Family at HDSP, he is advised

10  that prison officials' decision to validate him as a gang member need only be supported by "some

11  evidence."  See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Bruce v. Ylst, 351 F.3d 1283,

12  1287 (9th Cir. 2003).  In addition, in connection with such validation proceedings prison officials

13  are only required to provide the prisoner with adequate notice, an opportunity to present his

14  views, and periodic review.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986),

15  abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  To state a

16  cognizable due process claim in any amended complaint, plaintiff will need to allege facts

17  explaining how the defendants' conduct failed to satisfy these Fourteenth Amendment standards.

18          If plaintiff wishes to proceed on a Fourteenth Amendment equal protection claim

19  in connection with his validation as member of the Black Guerilla Family at HDSP, he is advised

20  that in any amended complaint he elects to file will need to "plead intentional unlawful

21  discrimination or allege facts that are at least susceptible of an inference of discriminatory

22  intent."  Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting

23  Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)).  In his

24  original complaint, plaintiff merely speculates that his gang validation was racially motivated.

25  However, plaintiff's pure speculation in this regard fails to state a cognizable equal protection

26  claim.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) ("Intentional discrimination

1 means that a defendant acted at least in part *because of* a plaintiff's protected status.") (emphasis

2 in original) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)).

3          Finally, plaintiff has named a number of supervisory prison officials as defendants

4 in this action.  Plaintiff is advised that supervisory personnel are generally not liable under

5 § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore,

6 when a named defendant holds a supervisorial position, the causal link between him and the

7 claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Starr v. Baca</u>, 652 F.3d 1202,

8 1207 (9th Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there

9 exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a

10 sufficient causal connection between the supervisor's wrongful conduct and the constitutional

11 violation.'") (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).

12          Plaintiff is informed that the court cannot refer to a prior pleading in order to

13 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14 complaint be complete in itself without reference to any prior pleading.  This is because, as a

15 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

16 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19                              **OTHER MATTERS**

20          Also pending before the court is plaintiff's motion for appointment of counsel.

21 Plaintiff is advised that the United States Supreme Court has ruled that district courts lack

22 authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United</u>

23 <u>States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district

24 court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell</u>

25 <u>v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36

26 (9th Cir. 1990).

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's

2   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

3   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

4   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

5   common to most prisoners, such as lack of legal education and limited law library access, do not

6   establish exceptional circumstances that would warrant a request for voluntary assistance of

7   counsel.  In the present case, the court does not find the required exceptional circumstances.

8                                        **CONCLUSION**

9    Accordingly, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12   The fee shall be collected and paid in accordance with this court's order to the Director of the

13   California Department of Corrections and Rehabilitation filed concurrently herewith.

14    3.  Plaintiff's complaint is dismissed.

15    4.  Plaintiff is granted thirty days from the date of service of this order to file an

16   amended complaint that is no longer than twenty-five (25) pages in length; the amended

17   complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19   assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

20   complaint in accordance with this order will result in dismissal of this action without prejudice.

21    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

22   civil rights action.

23   /////

24   /////

25   /////

26   /////

6.  Plaintiff's motion for appointment of counsel (Doc. No. 4) is denied.

DATED: April 25, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
payn0243.14a

8