UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>   Plaintiff,<br><br>  v.<br><br>MATTHEW CATE et al.,<br><br>   Defendants. | No. 2:12-cv-0243 DAD P<br><br><br>ORDER |

  Plaintiff is a state prisoner proceeding pro se with a civil rights action. Pending before the court is plaintiff's motion for reconsideration of the court's order screening his amended complaint.

**BACKGROUND**

  In this case, plaintiff's primary claim presented in his amended complaint is that defendants improperly validated him as a gang member of the Black Guerilla Family while he was incarcerated at High Desert State Prison. In its screening order, the court found that plaintiff's amended complaint appeared to state cognizable claims for relief against defendants Peddicord, Griffith, Vanderville, Armoskus, Brackett, St. Andre, Fischer, Kissel, Perez, Cochrane, Kots, and Runnels in connection with his allegedly erroneous gang validation. The court also found, however, that plaintiff's amended complaint did not state cognizable claims for relief against supervisory defendants Cate, Tilton, Felker, Audette, Wright, and Gower or against

1  defendants Audette, Wright, and Gower for the way in which they processed plaintiff's inmate
2  appeals.  (Doc. No. 16)

### PLAINTIFF'S MOTION FOR RECONSIDERATION

The court has considered plaintiff's motion for reconsideration and will deny it.  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Using a motion for reconsideration to reargue the points the court rejected in the original order is improper.  See American Ironworks & Erectors v. North American Construction Corporation, 248 F.3d 892, 899 (9th Cir. 2001).  A party cannot have relief merely because he or she is unhappy with the judgment.  See Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001).

Nonetheless, the court has reviewed plaintiff's amended complaint once again.  As to the court's screening order with respect to supervisory defendants Cate, Tilton, Felker, Audette, Wright, and Gower, as the court previously advised plaintiff, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  In his amended complaint, plaintiff's allegations concerning the involvement of these supervisory defendants in his gang validation are too speculative and attenuated and do not set forth specific facts upon which liability could be based.  In this regard, plaintiff has failed to adequately allege the requisite causal link between these supervisory defendants and the alleged violation of his constitutional rights.  Although plaintiff clearly disagrees with the court's decision to not order service of his complaint on these defendants, plaintiff has not demonstrated that the court

committed clear error or that he is otherwise entitled to reconsideration of the court's screening order.

Similarly, as to the court's order with respect to defendants Audette, Wright, and Gower, as the court previously advised plaintiff, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Even if defendants delayed, denied, or erroneously screened out plaintiff's inmate grievances, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The allegations in plaintiff's amended complaint that these defendants failed to provide him with a more substantive review of his gang validation during the inmate appeals process are simply too vague and conclusory to state cognizable claims for relief. Again, although plaintiff clearly disagrees with the court's decision to not order service of his complaint on these defendants, plaintiff has not demonstrated that the court committed clear error or that he is otherwise entitled to reconsideration of the court's screening order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. No. 18) is denied.

Dated: February 4, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
payn0243.motr

3