UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No.  2:12-cv-0243 DAD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action. In his complaint, plaintiff challenges his validation by prison officials as a member of the Black Guerilla Family and claims that defendants have violated his right to due process under the Fourteenth Amendment. Plaintiff requests the award of damages, release from the Security Housing Unit (the "SHU") at his institution of confinement, and expungement of any reference to gang association from his prison file.

      The Ninth Circuit Court of Appeals recently held that a state prisoner properly challenged his gang validation in a habeas corpus action. See Nettles v. Grounds, __ F.3d __, 2015 WL 3406160 (9th Cir. May 28, 2015). In Nettles, prison officials validated inmate Santos as a member of the Mexican Mafia, removed him from the general prison population, and confined him in the SHU indefinitely. Id. at *3. Santos unsuccessfully administratively appealed his gang validation and then sought habeas corpus relief in state court to no avail. Id. Santos then filed a

federal habeas corpus petition challenging his gang validation as a violation of his right to due process. Id.  The district court dismissed the petition on the grounds that Santos's claims concerned his conditions of confinement rather than the fact or duration of his confinement.  Id. Reversing, the Ninth Circuit Court of Appeals explained:

> The remedy Santos seeks of expungement of the gang validation from his record and release from the SHU to the general prison population, "can fairly be described as a quantum change in the level of custody." Additionally, success on his claim would result in his immediate release from the SHU to the general population. His claim that he was been subjected to greater restrictions of his liberty without due process of law is therefore properly brought as a petition for a writ of habeas corpus.

Id. at *10.

Good cause appearing, IT IS HEREBY ORDERED that within thirty days of the date of this order, both parties shall file a supplemental brief on the issue of whether this action may proceed as a civil rights action, should be administratively stayed pending further proceedings – if any – in Nettles, or must be dismissed without prejudice to allow plaintiff to pursue habeas corpus relief.

Dated:  June 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
payn0243.supp

2